**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ANTHONY G. BUZBEE AND ANTHONY G. BUZBEE, L.P.,** | § § § | |
| **Plaintiffs,** | § § | |
| | § | **Civil Action No. _____** |
| **v.** | § § | |
| **PETER GROSSMAN AND GROSSMAN BURN CENTERS, LLC,** | § § § | |
| **Defendants.** | § § | |

**DEFENDANTS PETER GROSSMAN AND GROSSMAN BURN CENTERS, LLC'S**
**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Local Rule 81, Defendants Peter Grossman and Grossman Burn Centers, LLC (the "Burn Center" and, with Dr. Grossman, "Defendants") file this Notice of Removal of the above-entitled action from the 281st District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division. As grounds for removal, Defendants state as follows:

1.    <u>Complaint</u>. Anthony G. Buzbee and Anthony G. Buzbee, L.P. (collectively "Plaintiffs") represented Rebecca Grossman, Dr. Grossman's wife, in a California matter styled Case No. LAVLA093990-01, *The People of the State of California v. Rebecca Grossman* (the "California Case"). Plaintiffs contend that, to pay for Plaintiffs' work in the California Case, Dr. Grossman executed a promissory note in the amount of $1,750,000, bearing interest and maturing on December 31, 2025. On January 15, 2026, Plaintiffs

filed Plaintiffs' Original Petition against Defendants in a case styled *Anthony G. Buzbee and Anthony G. Buzbee, L.P. v. Peter Grossman and Grossman Burn Centers, LLC*, currently pending in the 281st Judicial District Court of Harris County, Texas, Cause No. 2026-03177. *See* App. at 17-28.

2.      Plaintiffs' Original Petition listed the address for the Burn Center's principal place of business and registered agent as follows:

> 11.      Defendant Grossman Burn Centers, LLC is a foreign for-profit limited liability company formed under California law, with its Principal Place of Business located at 732 Medical Center Dr., STE 200, West Hills, CA 91307. A member of the limited liability company is Defendant Peter Grossman, who is an individual residing in Los Angeles County, California. It may be served with process via the Texas Secretary of State pursuant to Tex. Civ. Prac. & Rem. Code § 17.044. Its registered agent is listed as Peter H. Grossman, at 732 Medical Center Dr., STE 200, West Hills, CA 91307 according to California Secretary of State filings.

App. at 21.

3.      Plaintiffs' Original Petition makes claims against Defendants for breach of contract and fraud and seeks as damages non-lodging amounts owed under the promissory note, consequential damages, punitive damages, pre- and post-judgment interest, costs of court, attorneys' fees, equitable disgorgement, any all other legal and equitable relief recoverable by law. Plaintiffs also reserve the right to exercise any and all rights to enforce and collect upon any collateral pledged under the promissory note which reflect the amount owing.

4.      <u>Pleadings and Process</u>. Pursuant to 28 U.S.C. § 1446, a true and correct copy of all process, pleadings, and orders filed in the state court action are attached as Exhibits E through N.[1] *See* App. at 14-49.

5.      Defendant Grossman Burn Centers, LLC was never properly served with process through the Texas Secretary of State's Office. The correct address for the Burn Center's principal place of business and registered agent is **7325** Medical Center Dr., Suite 200, West Hills, CA 91307, not **732** Medical Center Dr., Suite 200, West Hills, CA 91307 (as evidenced in the Burn Center's 2025 and 2026 filings with the California Secretary of State's Office:

| Street Address of Principal Office of LLC | |
|---|---|
| Principal Address | 7325 MEDICAL CENTER DR STE 200 WEST HILLS, CA 91307 |

| Agent for Service of Process | |
|---|---|
| Agent Name | PETER H GROSSMAN |
| Agent Address | 7325 MEDICAL CENTER DR STE 200 WEST HILLS, CA 91307 |

Exs. C-D, App. at 8-13.

6.      To determine whether service is proper under the Texas long arm statute, the Court must "factually determine that the address provided to the Secretary of State was in fact the home or home office of the nonresident defendant (notwithstanding it was so labeled." *Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 398 (5th Cir. 2001) (affirming Louisiana court's holding that service was defective because none of the addresses provided to the Texas Secretary of State accurately stated a home address for the defendants) (citing *Mahon v. Caldwell, Haddad, Skaggs, Inc.,* 783 S.W.2d 769,

---

[1] Attached as Exhibit P to this Notice of Removal is a true and correct copy of the state court's docket entry showing an Order Granting Substituted Service was signed. The actual Order was not available on the docket due to containing sensitive data. *See* Ex. P, App. at 53.

771 (Tex. App.—1990, writ denied). The address in Plaintiffs' Original Petition, and in the citation issued and served, is **732** Medical Center Dr., Suite 200, West Hills, CA 91307—not the Burn Center's address at **7325** Medical Center Drive, Suite 200. App. 3-4, ¶¶ 3-4; App. 8; App. 11; App. 21, ¶ 11; App. 29; App. 31. Plaintiffs cited another incorrect address for the Burn Center in their motion for substituted service—**325** Medical Center Drive, Suite 200. App. at 35. The Burn Center's agent is not, and has never been, located at the address provided by Plaintiffs. App. at 3-4, ¶ 4. *See Royal Surplus Lines Ins. Co. v. Samaria Baptist Church*, 840 S.W.2d 382, 383 (Tex. 1992) ("a typographical error in the forwarding address typed by the Secretary is grounds to set aside a default judgment based on substituted service" where the correct address for the registered agent was "1201 Bassie" but the Secretary's citation was sent to "1201 Bessie"). Here, service on the Burn Center was defective and the Burn Center was not served through the Texas long arm statute because Plaintiffs did not provide the correct address for the Burn Center's registered agent to the Texas Secretary of State's Office.

7.      Defendants' counsel and Plaintiffs' counsel agreed that Defendants' counsel accepted service on April 29, 2026, with a responsive pleading deadline of May 18, 2026. *See* Ex. O, App. at 50-52. Outside of this agreement, neither Dr. Grossman nor the Burn Center was served with citation .

8.      Plaintiffs' counsel asked for substituted service after their efforts to serve Dr. Grossman were unsuccessful. *See* Exs. I-N, App. at 34-49. On May 1, 2026, after counsel had already agreed to accept service, the 281st District Court granted Plaintiffs' motion for substitute service on Dr. Grossman. *See* Ex. P, App. at 53.

9.    <u>Timeliness</u>. Defendants were served with process through their counsel's acceptance of service on April 29, 2026. *See* Ex. O, App. 50-52. Therefore, this notice of removal is timely as it is filed within thirty days after service.

10.    <u>Basis for Removal</u>. The District Courts of the United States have original jurisdiction over this action based on complete diversity of citizenship between the parties as contemplated by 28 U.S.C. § 1332(a), which provides that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between… citizens of different states…" *See* U.S.C. § 1332(a).

11.    <u>Diversity of Citizenship</u>. Complete diversity exists between Plaintiffs and Defendants. *See* 28 U.S.C. § 1332. The citizenship of a limited partnership is determined by "the citizenship of both its general and limited partners." *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990). The citizenship of a limited liability company is "determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling, Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). There is complete diversity between all of the parties, as follows:

a.    <u>Plaintiff Anthony G. Buzbee</u>. Plaintiff Anthony G. Buzbee is a Texas citizen, as alleged in paragraph 8 of Plaintiff's Original Petition. *See* Ex. F (¶ 8), App. at 21.

b.    <u>Plaintiff Anthony G. Buzbee, L.P</u>. Plaintiff Anthony G. Buzbee, L.P. is a Texas citizen, as alleged in paragraph 9 of Plaintiff's Original Petition. *See* Ex. F (¶ 9), App. at 21. It is a limited partnership formed under the laws of the state of Texas. *Id.* Its general partner, Buzbee, is a Texas citizen. *Id.*

      c.      <u>Defendant Peter Grossman</u>. Defendant Peter Grossman is a California citizen. See Ex. B (¶ 6), App. at 4; Ex. F (¶ 10), App. at 21.

      d.      <u>Defendant Grossman Burn Centers, LLC</u>. Defendant Grossman Burn Centers, LLC is a California citizen. It is a limited liability company organized under the laws of the state of California. *See* Ex. B (¶ 3), App. at 3; Ex. F (¶ 11), App. at 21. Its two members, Peter Grossman and Rebecca Grossman, are California citizens. Its principal place of business is located at 7325 Medical Center Drive, Suite 200, West Hills, California 91307. *See* Ex. B (¶¶ 2-6), App. at 3-4.

12.     Neither Dr. Grossman nor Grossman Burn Centers, LLC is a citizen of the state of Texas. *See* 28 U.S.C. § 1441(b). *See* Ex. B (¶ 2-6, 11-12), App. at 3-5; Ex. F (¶¶ 10-11), App. at 21.

13.     <u>Amount in Controversy</u>. The amount in controversy exceeds $75,000.00, as required by 28 U.S.C. § 1332(a). *See* U.S.C. §§ 1332(a) and 1441. Plaintiffs allege that "the damages suffered by Plaintiffs exceed $1,750,000, plus interest at a rate of 4.875%, as well as expenses." *See* Ex. F (¶ 28), App. at 25.

14.     <u>Consent to Removal</u>. All Defendants consent to removal.  *See* 28 U.S.C. § 1446(a); Ex. B (¶ 7), App. at 4.

15.     <u>Venue</u>. The United States District Court for the Southern District of Texas, Houston Division, embraces the county in which the action is currently pending. 28 U.S.C. § 1441(a). However, the Southern District of Texas, Houston Division, is not the proper venue for Plaintiffs' claims; Defendants seek dismissal of Plaintiffs' claims under Rule 12b(3) of the Federal Rules of Civil Procedure  and 28 U.S.C. § 1406(a) or, alternatively, transfer to the Federal District Court for the Western Division of the Central District of

California. Under 28 U.S.C. §§ 84(c)(2) and 1441(a), the Federal District Court for the Western Division of the Central District of California is a proper venue for this action.

16.     Notice Given. Defendants will give written notice of the filing of this Notice of Removal to Plaintiffs and will file a copy of this Notice of Removal with the Harris County Clerk, as required by 28 U.S.C. 1446(d).

17.     Reservation of Defenses. Because this Notice of Removal is neither a responsive pleading nor a motion under Rule 12 of the Federal Rules of Civil Procedure, Defendants have not waived the right to assert any applicable defenses by removing this action from state court. Defendants seek dismissal of Plaintiffs' claims under Rule 12b(3) of the Federal Rules of Civil Procedure or, alternatively, transfer to the Federal District Court for the Western Division of the Central District of California. Rule 12 of the Federal Rules of Civil Procedure provides that every defense to a claim for relief in any pleading shall be asserted in the responsive pleading or motion. *See* FED. R. CIV. P. 12(b).

18.     Exhibits. Pursuant to 28 U.S.C. 1446(a) and Local Rule 81.1, the following items are being filed with this Court as exhibits to this Notice of Removal:

a.     An index of all matters being filed;

b.     The 281st District Court docket sheet;

c.     Pleadings asserting causes of action;

d.     All orders signed by the state judge;

e.     All process executed in this case (erroneously; the address for the Burn Center in Plaintiffs' Original Petition, the Citation, and the return of service are incorrect); and

f.     A list of all counsel of record, including addresses, telephone numbers, email addresses, and parties represented.

19.    A Civil Cover Sheet is also attached.

20.    <u>Payment of Costs</u>. Payment of the appropriate fees and costs for removal and docketing of this matter in federal court, if any, are tendered with this Notice of Removal.

**WHEREFORE, PREMISES CONSIDERED**, with this Notice of Removal, Defendants Peter Grossman and Grossman Burn Centers, LLC hereby remove this Action from the 281st District Court of Harris County, State of Texas, and requests that this Action proceed as properly removed to this Court.

Respectfully Submitted,

**BRIAN LAUTEN, P.C.**

/s/ *Brian P, Lauten*
**Brian P. Lauten**
State Bar No. 24031603
ID No.1085541
blauten@brianlauten.com
**Courtney G. Bowline**
State Bar No. 24055206
ID No. 866996
cbowline@brianlauten.com
3811 Turtle Creek Blvd., Suite 825
Dallas, Texas 75219
214.414.0996 | 214.744.3015 F

**ATTORNEYS FOR DEFENDANTS
PETER GROSSMAN AND
GROSSMAN BURN CENTERS, LLC**

## <u>CERTIFICATE OF SERVICE</u>

On May 18, 2026, I filed this Notice of Removal with the clerk of court for the U.S. District Court, Southern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record in a manner authorized by Rule 5 of the Federal Rules of Civil Procedure.

/s/ *Courtney G. Bowline*
Courtney G. Bowline